## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| TORU GOTEL, | : |
| Petitioner, | : |
| vs. | : |
| | : CIVIL ACTION NO. 5:18-CV-373 (MTT) |
| SHAWN CARTER, | : |
| Respondent. | : |

## ORDER

Plaintiff Toru Gotel has filed an application to appeal in forma pauperis. Doc. 12. The Plaintiff seeks to appeal the judgment in favor of the Defendant entered on November 8, 2018 (Doc. 8). Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;

    (B) claims an entitlement to redress; and
    (C) states the issues that the party intends to present on appeal.

 (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Here, the Plaintiff's affidavit shows she has an income of $750 per month in disability benefits, which falls below the federal poverty threshold.[1] Doc. 12 at 2. Her expenses are $740 per month, and she has only one asset, her home, worth $50,000. *Id.* at 3, 5. She has no cash or bank accounts. *Id.* at 2. Based on this information, the Court finds the Plaintiff has sufficiently demonstrated poverty under 28 U.S.C. § 1915.

Next, the Court must determine if the Plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when she seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong,

---

[1] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Plaintiff has not submitted a statement of the issues she intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues addressed in its Order (Doc. 7) dismissing the amended complaint demonstrates that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith. Plaintiff has raised no issues with arguable merit.

Consequently, Plaintiff's application to appeal in forma pauperis (Doc. 12) is **DENIED**. If Plaintiff wishes to proceed with her appeal, she must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 29th day of November, 2018.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT